In the Matter of the Claim of RONALD COWAN, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.

Third Department, November 21, 1962.

*Louis J. Lefkowitz, Attorney-General (Bernard Burdick, Paxton Blair* and *Samuel Stern* of counsel), for appellant.

*Henry J. Metzner* for respondent.

*Per Curiam.* Claimant had two jobs, one as salesman for an instrument company at $86 a week; the other, a part-time job three nights a week in a liquor store at $15 a week. He lost the principal job under conditions which must be treated as a separation from that employment without good cause; but continued in the part-time job for a month when he quit on the ground he could not live on $15 a week.

In working a month he literally came within the statutory qualification for benefits after separation without good cause; i.e., he " subsequently worked in employment on not less than three days in each of four weeks " (Unemployment Insurance Law [Labor Law], § 593, subd. 1, as amd by L. 1960, ch. 783).

The Referee ruled that the claimant left the part-time employment for good cause and he found specifically as a fact that the part-time employment was not " taken for the purpose of terminating the disqualification " arising from the separation from the principal employment. The Appeal Board affirmed.

It is not difficult to understand why claimant could not live on $15 a week; and this would seem justification enough in itself if the original disqualification did not otherwise continue.

Essentially the issue between the Commissioner and the claimant is whether the words in the statute " subsequently worked " refer only to a quite new employment undertaken after a disqualification; or whether they can be read to apply to a continuation of work in a second employment held before, or at the time of disqualification.

The Appeal Board met this problem pragmatically. Its decision stated: " There is no requirement that the subsequent employment must be new employment." This seems to us a correct and literal reading of subdivision 1 of section 593. The statute does not refer to subsequently acquired employment; it provides for a claimant who subsequently " worked " in employment, which is quite something else. This is what the claimant did.

The decision should be affirmed, with costs to the claimant.

BERGAN, P. J., COON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision affirmed, with costs to the claimant-respondent.